The STATE of Wyoming, Plaintiff,

v.

Johnny GALLEGOS, Defendant.

No. 3136.

Supreme Court of Wyoming.

Sept. 9, 1963.

Lynn Rees, County and Pros. Atty., of Albany County, Laramie, for plaintiff.

John E. Stanfield, Laramie, for defendant.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Johnny Gallegos, defendant, along with two others, was charged in the District Court of Albany County, by information, with the violation of § 14–23(d), W.S.1957, of the state's child protection act. The provisions of this section are these:

"It shall be unlawful for any person (including but not limited to parent, guardian, or custodian) knowingly to commit any of the following acts with respect to a child under the age of 19 years:

\* \* \* \* \* \*

"(d) To cause, encourage, aid or contribute to the endangering of the child's health, welfare, or morals."

Gallegos entered a demurrer to the information claiming the portion of the statute under which he was charged was so vague and indefinite that an accused could not know the nature of a crime charged

against him, and that the essentials of due process were thereby violated.

The district court sustained this contention and dismissed the charge. The county and prosecuting attorney took an exception to the ruling and has filed a bill of exceptions in this court, pursuant to the provisions of §§ 7–288 to 7–290, W.S.1957.

The matter of definiteness required in criminal statutes was fully discussed by us in Day v. Armstrong, Wyo., 362 P.2d 137, 147–148. The principles adhered to in that opinion are directly applicable here and sufficient to resolve the question which we are asked to decide.

■■■ For example, recognition was given in the Day case to these principles:

1. The requirement of a reasonable degree of certainty in legislation, especially in the criminal law, is a well-established element of the guarantee of due process of law.

2. No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes.

3. All are entitled to be informed as to what the state commands or forbids.

4. A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

5. The constitutional guarantee of equal rights under the law (see Art. 1, §§ 2 and 3, Wyoming Constitution) will not tolerate a criminal law so lacking in definition that each defendant is left to the vagaries of individual judges and juries.

■■■ The statute here in question forbids any person to "cause, encourage, aid or contribute to the endangering of the child's health, welfare, or morals." The objection to the statute is that it furnishes no standard as to what the endangering of a child's health, welfare or morals is, and hence it leaves decision to arbitrary judgment, whim and caprice. See Eastwood v. Wyoming Highway Department, 76 Wyo. 247, 301 P.2d 818, 823, where a quotation in this respect was made from Mutual Film Corporation v. Industrial Commission of Ohio, 236 U.S. 230, 245, 35 S.Ct. 387, 59 L.Ed. 552, 560, Ann.Cas.1916C, 296.

The American Cancer Society has in recent times made reports showing that cigarette smoking may lead to lung cancer. Hence, the question might be asked, would the offering of a cigarette to a person under the age of 19 be considered as endangering the health of a child and therefore punishable under this statute? Or again, since we have statutes forbidding the serving of intoxicating liquor to minors, would the serving of cocktails to friends in one's home, in the presence of a minor, be thought of as encouraging or contributing to the endangering of the child's health, welfare or morals?

These questions, as representative of many more which could be asked, serve to illustrate how utterly impossible it would be to know just what acts are and what acts are not forbidden by the statute under which defendant was charged. Since men must necessarily guess at its meaning and differ as to its application, the statute violates an essential of due process of law. See Day v. Armstrong, supra, at 362 P.2d 147; and Lanzetta v. State of New Jersey, 306 U.S. 451, 453, 59 S.Ct. 618, 83 L.Ed. 888, 890.

Section 14–21, W.S.1957, a part of the child protection act, declares it is the policy of the act to protect children from all types of abuse which jeopardize their health, welfare or morals. Without doubt statutes directed to that end are essential for the safeguarding of youth and for the preservation of health and moral standards. However, criminal statutes cannot be couched in terms so vague and indefinite as to deny due process to an accused.

As Justice Frankfurter said in Butler v. State of Michigan, 352 U.S. 380, 383, 77 S.Ct. 524, 526, 1 L.Ed.2d 412, 414, when legislation is not reasonably restricted to

the evil with which it is said to deal, it is like burning the house to roast the pig. Moreover, it has not been suggested to us what, if any, protection would be afforded to the health, welfare and morals of children by subsection (d) of § 14–23, which is not adequately afforded in subsections (a), (b) and (c) of such section, together with other statutes in the criminal code.

We realize there is respectable authority from some of our sister states approving legislation somewhat similar, but not exactly the same, as the statute here involved. Without attempting to distinguish such legislation, we prefer to rely upon the fact that general principles with respect to due process, as heretofore announced in this jurisdiction and in the Supreme Court of the United States, prompts us to hold subsection (d) of § 14–23 in violation of the due process clause of Art. 1, § 6, Wyoming Constitution.

Exceptions overruled.