In the Matter of the Suspension, Pursuant to Title 31, Wyoming Statutes, as Amended, of License Number 2685135014.

**The DEPARTMENT OF REVENUE AND TAXATION OF the STATE OF WYOMING, Appellant (Respondent),**

v.

**Fleet HAMILTON, Appellee (Petitioner).**

No. 87–50.

Supreme Court of Wyoming.

Oct. 8, 1987.

Joseph B. Meyer, Atty. Gen., Petér J. Mulvaney, Deputy Atty. Gen., and Mark Quiner, Asst. Atty. Gen., for appellant.

John M. Scorsine, Rock Springs, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

The question we must decide in this case is whether a hearing to review a driver's license suspension can be held more than 45 days after appellant Department of Revenue and Taxation of the State of Wyoming receives the request for a hearing under the 1985 version of Wyoming's implied consent law, § 31–6–101 et seq., W.S.1977.

We reverse the district court's ruling that a hearing must be held within 45 days.

On October 10, 1985, appellee Fleet Hamilton was arrested and charged with driving while under the influence of alcohol in violation of § 31–5–233, W.S.1977. Pursuant to the provisions of § 31–6–102(e), W.S. 1977 (now § 31–6–102(f), W.S.1977), the arresting officer confiscated appellee's license and issued a temporary license which contained a notice advising of the procedure for requesting a review hearing.

On October 30, 1985, appellant received appellee's request for a hearing and his request that the arresting officer be subpoenaed to testify. The hearing was first scheduled for December 4, 1985, which date was within 45 days of receipt of the hearing request. On November 27, 1985, still within the 45–day limit, the arresting officer notified the hearing examiner that he had to attend three court trials on December 4. Immediately, appellee's attorney was informed, and the hearing was continued to January 7, 1986, some 69 days after the request was received.

At the January 7 hearing, apparently for the first time, appellee's attorney argued that the hearing examiner lacked jurisdiction because of the delay in holding the hearing. The hearing examiner rejected this argument and upheld the driver's license suspension. The district court, relying on § 31–7–105(d), W.S.1977, reversed the hearing examiner because the hearing was held more than 45 days after the request was received.

Section 31–7–105(d) is not controlling in this case. As demonstrated by the notice of suspension, appellee's license was suspended "under provisions of the WYOMING IMPLIED CONSENT LAW (W.S.

31–6–101 to 31–6–106)." Thus, the statute which controls in this instance is § 31–6–102(e). At the time in question and through two subsequent amendments, this statute provided that a hearing shall be *scheduled* within 45 days after the request is received. In construing statutes, this Court gives primary consideration to legislative intent. *Huber v. City of Casper*, Wyo., 727 P.2d 1002 (1986); *City of Evanston v. Griffith*, Wyo., 715 P.2d 1381 (1986). The intention of the law-making body must be ascertained as nearly as possible from the language of the statute. *Wyoming Department of Revenue and Taxation-Excise Tax Division v. First Wyoming Bank, N.A.–Kemmerer*, Wyo., 718 P.2d 31 (1986). Schedule means: "[T]o appoint, assign, or designate to do or receive something at a fixed time in the future." Webster's Third New International Dictionary, p. 2028 (1971). This Court will not read into laws what is not there. *Wilcoxson v. Employment Security Commission of Wyoming*, Wyo., 741 P.2d 611 (1987); *Johnston v. Board of Trustees, School District #1 West, Sheridan County, Wyoming*, Wyo., 661 P.2d 1045 (1983). The clear intent of the provision at issue here is that the hearing must be scheduled within 45 days of receipt of the request. There is no requirement that the hearing be held within 45 days. In the instant case, the January 7 hearing was scheduled before the 45–day period had run.

We reverse the district court's order and reinstate the license suspension.

CARDINE, Justice, dissenting.

I am convinced that a hearing to review a driver's license suspension *must be held* within 45 days after request therefor.

Section 31–6–102(e), W.S.1977 (now § 31–6–102(f)), in effect at the time demand for hearing was made in this case, provided as follows:

"If * * * demand for hearing is made, the department shall forward the demand to the independent hearing examiner who shall schedule a hearing within forty-five (45) days after receipt of the request and provide the arrested person at least ten (10) days notice of the hearing."

The single question presented for our determination is whether § 31–6–102(f), supra, requires that the examiner schedule a hearing to be held within 45 days or, within 45 days, schedule a hearing for some undefined future date.

Legislative intent is the primary and foremost consideration in statutory construction. *State Board of Equalization v. Tenneco Oil Company*, Wyo., 694 P.2d 97 (1985). It is a well-settled rule of statutory construction that the legislature will not be presumed to intend futile things. *Haddenham v. City of Laramie*, Wyo., 648 P.2d 551 (1982).

We have repeatedly stated that

"[i]t is this court's obligation to make sense out of a statute and give full force and effect to the legislative product. In construing statutes, the intention of the lawmaking body must be ascertained from the language of the statute as nearly as possible. We must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation." (Citations omitted.) *McGuire v. McGuire*, Wyo., 608 P.2d 1278, 1285 (1980).

The hearing provided in § 31–6–102(f) will determine whether the person charged will have the privilege of operating his automobile. This is a matter of serious concern to citizens of this state. The automobile is considered a necessity for everyday living, for traveling to and from work, to and from the grocery store, school, college, church, and a multitude of other activities and places we must be every day. But if we conclude, as in the majority opinion, that the license suspension hearing be *scheduled within 45 days for some future date beyond the 45–day period*, it could be six months, one year, or ten years after the request. It is, therefore, unreasonable for us to conclude that the legislature intended that one whose license has been suspended might wait a year or two years for a hearing. The legislative intent is to the contrary. This intent is clearly demonstrated by the general tenor of the driver's license

revocation statutes. Thus, § 31–6–104, W.S.1977, before amendment, required that the district court "shall advance the matter on its docket" and, after amendment, provides that the district court "shall immediately set the matter for determination." This legislative intent was reaffirmed when, in 1987, § 31–6–102(f) was amended to provide that rather than dismissing for failure to hear the matter within 45 days, the licensee

"be given credit against any action upheld at the hearing for the time between the expiration of the forty-five (45) day period and the date the hearing was first scheduled."

The statute, as amended, makes sense only if the word "scheduled" means "heard on the date scheduled." Thus, "the date the hearing was first scheduled" means the date on which the hearing was scheduled to be held. If the hearing were scheduled to be held 60 days after receipt of request, the licensee would receive 15 days credit against a suspension and if held a year and 45 days later, a year's credit. To effect a suspension of a driver's license for the full period prescribed, there must be a hearing within 45 days. A speedy trial upon the question of suspension of drivers' licenses is clearly required.

I have no quarrel with the opinion of the court when it states that to schedule means to do "something at a fixed time in the future." When a request for hearing is received, the examiner has the 45–day period in the future in which to schedule the hearing. But, the future date fixed may not be beyond the 45–day period provided in the statute.

I would affirm the district court's order of dismissal.