In the Matter of the Worker's Compensation Claim of Rosie E. FISHER, an Employee of Laramie County School District No. One.

STATE of Wyoming ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellant (Respondent),

v.

Rosie E. FISHER, Appellee (Claimant).

No. 95–255.

Supreme Court of Wyoming.

April 17, 1996.

Rehearing Denied May 7, 1996.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant Attorney General, Representing the Appellant.

Robin Sessions Cooley of Bishop & Cooley, LLC, Cheyenne, Representing the Appellee.

Before THOMAS, MACY, TAYLOR and LEHMAN, JJ., and GARY P. HARTMAN, D.J.

MACY, Justice.

Appellee Rosie Fisher (the claimant) sought review in the district court of the hearing examiner's order which denied her request for worker's compensation benefits. The district court reversed the hearing examiner's order, finding that the claimant was entitled to receive benefits. Appellant State of Wyoming, on behalf of the Wyoming Workers' Compensation Division, appeals from the district court's order which reversed the hearing examiner's decision.

We reverse.

## ISSUE

The Workers' Compensation Division presents the following issue for our review: [1]

---

1. The claimant raised issues in her brief, and the Workers' Compensation Division responded to them in its reply brief. Since the claimant did not cross-appeal, we will not consider her additional issues.

A. Whether the record supports the hearing examiner's determination that Claimant's employment did not materially aggravate her preexisting back condition.

## FACTS

The claimant suffers from degenerative disc disease and has endured back pain since 1967. She began working for Laramie County School District No. One in 1989 as a school bus driver and as a general maintenance person. Her employment duties included driving a bus, painting, driving a lawn mower, and performing miscellaneous other tasks.

In August of 1991, the claimant filed a claim for worker's compensation benefits, reporting that she had injured her lower back while she was painting. The Workers' Compensation Division denied her claim on the grounds that her back condition was preexisting and unrelated to her job. The claimant did not object to this determination.

On October 8, 1993, the claimant filed a second report of injury, again claiming that she had injured her lower back. On this report, the claimant indicated that this injury occurred over a period of time and resulted from her continuous bus driving and riding on the lawn mower. The Workers' Compensation Division again denied the claim on the grounds that her injury was preexisting and not related to her job. The claimant objected, and a hearing was held before the Office of Administrative Hearings. Following that hearing, the hearing examiner denied the claimant's claim for benefits, finding that the claimant had not materially aggravated her back condition as a result of her employment and that, therefore, the 1993 injury was not compensable.

The claimant appealed from the hearing examiner's decision, and the district court remanded the case back to the Office of Administrative Hearings for additional findings, which the hearing examiner subsequently issued. The district court thereafter reversed the hearing examiner's decision to deny benefits, finding that the decision was arbitrary, capricious, an abuse of discretion, and not supported by substantial evidence.

The Workers' Compensation Division appealed from the district court's order.

## STANDARD OF REVIEW

■ When we review an administrative order, we are not compelled to accept any of the conclusions reached by the district court. Instead, we review the case as if it had come directly to this Court from the agency. *Howton v. State ex rel. Wyoming Worker's Compensation Division,* 899 P.2d 869, 870 (Wyo.1995); *Cronk v. City of Cody,* 897 P.2d 476, 477 (Wyo.1995).

■ Whether a claimant's employment "aggravated, accelerated, or combined with the internal weakness or disease to produce the disability is a question of fact." *Lindbloom v. Teton International,* 684 P.2d 1388, 1390 (Wyo.1984) (quoting 1 LARSON'S WORKMEN'S COMPENSATION LAW § 12.20 at 3–316)). We review factual issues by applying the substantial evidence standard. WYO.STAT. § 16–3–114(c)(ii)(E) (1990).

> Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions.

*Latimer v. Rissler & McMurry Co.,* 902 P.2d 706, 708–09 (Wyo.1995).

## DISCUSSION

The Workers' Compensation Division asserts that substantial evidence supported the hearing examiner's determination. The claimant maintains that she materially aggravated her preexisting back condition over an extended period of time as a result of her work related activities and that the hearing examiner's decision was arbitrary, capricious, an abuse of discretion, and not supported by substantial evidence.

■ " 'In order to prevail before the hearing examiner, [the employee is] charged with demonstrating an injury, arising from [her] employment, while at work.' " *Hepp v. State ex rel. Wyoming Workers' Compensation Di-*

*vision*, 881 P.2d 1076, 1079 (Wyo.1994) (quoting *Jaqua v. State ex rel. Wyoming Workers' Compensation Division*, 873 P.2d 1219, 1221 (Wyo.1994)). Preexisting conditions are excluded from the definition of "injury" in WYO. STAT. § 27–14–102(a)(xi)(F) (Supp1995):

> (xi) "Injury" means any harmful change in the human *organism* other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business. "Injury" does not include:
>
> . . . . .
>
> (F) Any injury or condition preexisting at the time of employment with the employer against whom a claim is made[.]

■ A preexisting injury may present a compensable claim " 'if the employment aggravated, accelerated, or combined with the disease or infirmity to produce the ... disability for which compensation is sought.' 1 Larson's Workmen's Compensation Law, § 12.20, p. 3–276." *Lindbloom*, 684 P.2d at 1390. A claim for aggravation of a preexisting injury requires proof that the "work effort contributed to a material degree to the precipitation, aggravation or acceleration of the existing condition of the employee." 684 P.2d at 1389–90. *See also Romero v. Davy McKee Corporation*, 854 P.2d 59, 61 (Wyo. 1993).

For injuries which have allegedly occurred over an extended period of time, the claimant has a heightened burden of proof:

> (a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to prove by competent medical authority that his claim arose out of and in the course of his employment and to prove by a preponderance of evidence that:
>
> (i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;
>
> (ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;
>
> (iii) The injury can fairly be traced to the employment as a proximate cause;
>
> (iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and
>
> (v) The injury is incidental to the character of the business and not independent of the relation of employer and employee.

WYO.STAT. § 27–14–603(a) (Supp.1995).

■ "The claimant has the burden of proving each essential element of her claim by a preponderance of the evidence." *Gilstrap v. State ex rel. Wyoming Workers' Compensation Division*, 875 P.2d 1272, 1273 (Wyo.1994). "The party who appeals from an administrative determination has the burden of proving the lack of substantial evidence to sustain the ruling of the agency." *Jaqua*, 873 P.2d at 1221.

The hearing examiner found in pertinent part:

> 1. [The claimant] has had back problems since 1967. For the most part, those problems have not been sufficiently severe to cause incapacitation.
>
> 2. In 1989, [the claimant] became employed by Laramie County School District No. One, where she worked as a bus driver during the school year and as a painter and maintenance worker during the summer months. She continued in that same employment at least through August 26, 1993.
>
> 3. In the summer of 1991, [the claimant] suffered an acute occurrence of back pain that was of sufficient severity that she was hospitalized for several days. The onset of the back pain occurred at her home[;] however, [the claimant] had experienced increased back pain for two weeks prior to the acute episode and she believed that her back problem was related to the painting she was then doing at work.

4. [The claimant] filed a workers' compensation claim for the 1991 injury. That claim was denied by the [Workers' Compensation] Division for the reason that the injury was not work related. The [Workers' Compensation] Division advised [the claimant] at that time that she could ask for reconsideration of the claim by a hearing examiner.... [The claimant] did not object to the [Workers' Compensation] Division's determination and did not request a hearing on the claim. Although she continued to have back pain, [the claimant] returned to work shortly after the 1991 injury.

5. On August 26, 1993, [the claimant] again suffered an acute episode of back pain. The 1993 episode occurred following a day of in-service training where [the claimant] spent most of a full day sitting.

6. [The claimant] has degenerative disc disease and has a very bad back, with multiple levels of bad discs in both her neck and back. Examinations in both 1991 and 1993 indicate an absence of any disc herniation. Surgery is not an option for treatment of [the claimant's] condition. It is uncertain whether, with appropriate exercise and physical therapy, [the claimant] could return to her job as a bus driver.

7. [The claimant's] condition is 70 percent due to the normal progression of her spinal disease and 30 percent due to work related aggravation of her preexisting degenerative disc disease.

8. [The claimant] has never really recovered from the 1991 episode of back pain. Between 1991 and 1993 there were good days and bad days with very few days when [the claimant] was able to work without pain. [The claimant] has had pain in the same area of her back since the 1991 episode. [The claimant] characterizes her current condition as the same problem she had in 1991.

9. [The claimant] believed the acute episode in 1991 to be work related. [The claimant] suffered from the same underlying medical problem and worked at the same job in 1991 as she did in 1993. The acute episodes of pain experienced in 1991 and 1993 are attributable to the same underlying condition (degenerative disc disease), aggravated to some degree by work related stresses.

10. The [Workers' Compensation] Division's 1991 determination that [the claimant's] condition is not compensable is final and may not be relitigated in this proceeding. Since there has been no award of benefits, W.S. 27-14-605 has no application in this case. Additionally, it appears likely that [the claimant] has waived her opportunity to otherwise contest the 1991 determination as a result of her failure to object to the determination and to request a hearing in 1991.

11. It is the law of this case that [the claimant's] condition as it existed in 1991 is not compensable. As such, [the claimant's] 1991 injury and degenerative disc disease together are in the nature of a preexisting condition and benefits may be awarded for [the claimant's] 1993 injury only if it is shown that the 1993 injury is the result of a material aggravation of the 1991 injury and degenerative disc disease arising out of and in the course of [the claimant's] employment.

12. This Office concludes that there has been no material aggravation of the 1991 injury and disc disease related to [the claimant's] employment and that [the claimant's] 1993 injury is therefore not compensable.

(Citations omitted.) On review, the district court remanded the matter back to the Office of Administrative Hearings for additional findings. The hearing examiner made the following additional findings:

1. Dr. Davis does not appear to have been aware of the 1991 injury when he concluded that [the claimant's] present injury is 30% work related. It is therefore likely that Dr. Davis did not treat the 1991 episode and its consequences as not work related for purposes of making his estimate. However, that must be done in determining compensability under the Worker's Compensation Act in this case, because of the prior uncontested determination on that issue. The evidence does not establish, and it is unlikely, that any of the other health care providers who exam-

ined [the claimant] treated the 1991 episode and its consequences as not work related.

2. [The claimant] had a preexisting bad back. She also experienced an acute back problem in 1991 that never really resolved before the 1993 episode. The 1993 injury is essentially a continuation of the 1991 problem that has previously been determined not to be work related. [The claimant] characterizes them as the same problem. Her preexisting bad back and the 1991 injury, that must be considered not work related, are the factors primarily responsible for [the claimant's] 1993 back problems.

After reviewing the hearing examiner's additional findings, the district court reversed the administrative order on the basis that the hearing examiner's decision was arbitrary, capricious, an abuse of discretion, and not supported by substantial evidence. He concluded that the hearing examiner's first additional finding was erroneous because Meade O. Davis, M.D. stated in a letter that "[t]he patient began having back and neck discomfort in 1991."

■■■ We must analyze the hearing examiner's additional finding in the context of the entire record. The hearing examiner was concerned that Dr. Davis did not appear to be treating the 1991 and the 1993 episodes of back pain as being two separate events. Dr. Davis's statement indicated that he was under the impression that the claimant's current pain began in 1991. He noted that the pain seemed to get better and then worsened again in August of 1993. We consider the fact that Dr. Davis referred to the 1991 condition as "pain" rather than as an "injury" to be significant. In fact, the claimant testified that she did not think that Dr. Davis

knew about her 1991 injury. Dr. Davis did not indicate that he understood the 1991 pain was a separate injury which had been determined not to be compensable or that he rated only that part of the claimant's impairment which resulted from the alleged 1993 aggravation.

The only way Dr. Davis's opinion would have been helpful to the claimant is if Dr. Davis were to have considered the 1991 condition as being a preexisting condition for the purpose of determining whether the claimant had materially aggravated her back condition. He noted that he knew the claimant suffered from a preexisting degenerative disc disease, but he did not provide any information to show that he knew when that condition began.

■■■ In addition to being skeptical of Dr. Davis's knowledge of the 1991 injury, the hearing examiner reasonably rejected the opinions from Dean D. Wieben, D.C. and Brent V. Lovejoy, D.O. that the claimant's condition was at least in part work-related as those doctors apparently based their opinions upon incomplete medical histories.[2] Dr. Wieben's report did not refer to the claimant's preexisting back condition or the 1991 episode. Dr. Lovejoy's report referred to those two factors but included a statement that the claimant "stated she has had previous back problems, but nothing serious." The 1991 injury placed the claimant in the hospital for five days. We characterize such an injury as being serious.

■■■ When Michael C. Herber, M.D., the only physician who treated the claimant for both the 1991 and the 1993 conditions, was asked whether the 1993 diagnosed condition was caused by the claimant's employment, he was only able to answer that it was possible.

2. Dr. Davis stated in his report:
 It is my opinion that [the claimant] had preexisting degenerative disc disease of the neck and back which has been aggravated by her working as a bus driver. I feel, however, that her present condition is 70 percent due to the normal progression of her spinal disease and 30 percent of her permanent impairment at this point is related to the aggravation by the job.
 Dr. Lovejoy opined: "I agree that 70% of the [claimant's] problems are due to normal progres-

sion and 30% to employment." Dr. Wieben noted:
 In addressing the issue of direct cause and effect relationship of her possibly having a work related injury[,] it is difficult to determine due to the fact she did not experi[e]nce a definitive injury. However[,] it is very probable that she is suffering the latent effect of an over use type of syndrome due to the type of work that she performs.

Kenneth A. Pettine, M.D. noted that the claimant should cut back on her smoking, lose weight, and get herself into as good a condition as possible to have the greatest chance of improving her condition. Dr. Lovejoy reported that the claimant's primary impairment was "disuse and deconditioning secondary to lung disease." He opined that further chiropractic care was not indicated and that the claimant needed to start an exercise program. He believed that the claimant might return to her job but that she needed to become active. He noted that the longer the claimant was inactive, the greater the likelihood was that she would not improve. Additionally, the claimant testified that her 1991 back pain was severe enough to require five days of hospitalization and that she had never recovered from that pain. She also stated that her 1993 back problem was the same problem which she had in 1991.

In order for the claimant to have met her burden of proof in this case, it was critical for her to present competent medical evidence to establish that she had materially aggravated her degenerative disc disease and her 1991 injury. The claimant failed to present such evidence. It is not clear from the physicians' reports whether the doctors knew about the 1991 injury and whether in determining if she had materially aggravated her condition they were comparing her current condition with her condition as it existed at the time of her 1991 injury. The only physician who saw the claimant for both injuries could only say that her condition was possibly work related.

The medical experts were equivocal with regard to whether the claimant's condition was a material aggravation of her preexisting condition or whether it was a continuation of the 1991 problem and her degenerative disc disease. The hearing examiner's concern was justifiably heightened by the fact that the medical experts apparently based their opinions on incomplete and questionable medical histories.

Sufficient ambiguities in the evidence existed to trigger the process of weighing the evidence and assessing the credibility of the witnesses. That process was a task for the hearing examiner, not for an appellate court,

to perform. *Latimer*, 902 P.2d at 711. As we have said on numerous occasions:

> "The testimony in this record may be subject to varying interpretations, but we will not usurp the function of the [trier of fact] in making factual findings with respect to this case. It is the duty of the trier of fact to weigh and evaluate the testimony of the witnesses, including that given by experts.... [The trier of fact] 'was the sole judge of the credibility of the witnesses and was entitled to interpret the evidence.' *Ward v. Yoder*, Wyo., 355 P.2d 371, 374 (1960)."

*Hepp*, 881 P.2d at 1079 (quoting *Creek v. Town of Hulett*, 657 P.2d 353, 357 (Wyo. 1983)), *quoted in Latimer*, 902 P.2d at 711.

### CONCLUSION

We hold that substantial evidence supported the hearing examiner's decision to deny the claimant's request for worker's compensation benefits and that, therefore, the district court erred when it reversed the hearing examiner's order.

Reversed.