In the Matter of The Worker's Compensation Claim of:

Rehan Ali BHUTTO, Appellant (Claimant),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).

No. 96–119.

Supreme Court of Wyoming.

Feb. 28, 1997.

Keith R. Nachbar, Casper, representing Appellant.

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Jennifer A. Evans, Assistant Attorney General, Cheyenne, representing Appellee.

Before TAYLOR, C.J., and THOMAS, MACY and LEHMAN, JJ., and PRICE, D.J.

PRICE, District Judge.

This appeal raises the question of whether the hearing examiner correctly determined the time of injury under Wyo. Stat. § 27–14–

403(c) (Cum.Supp.1995) for computation of temporary total disability benefits. The district court affirmed the decision of the hearing examiner. Finding the decision is supported by substantial evidence and otherwise in accordance with law, we affirm.

## I. ISSUES

Appellant, Rehan Ali Bhutto (Bhutto), states the issue:

Under Wyo. Stat. § 27–14–403(c) (1994) should temporary total disability benefits be calculated based on the employee's actual monthly earnings at the time of the accident, or at the time of the first disability resulting from that accident?

Appellee, State ex rel. Wyoming Workers' Compensation Division (Division), states the issue:

Whether substantial evidence supports the hearing examiner's determination of Claimant's "time of injury" for purposes of calculating his temporary total disability benefits.

## II. FACTS

Bhutto was involved in a vehicular accident on October 3, 1994. At the time, he was working for American Mobile Research (AMR). That employer contested the claim and a hearing was held February 27, 1995. Bhutto was awarded appropriate benefits. The award included temporary total disability. The amount was calculated by the Division using Bhutto's rate of pay on October 3, 1994 as the date of injury. Bhutto contested the amount of the temporary total disability and a hearing was held on this issue on August 15, 1995. The hearing examiner denied the request for additional benefits and Bhutto petitioned the district court, which affirmed.

Due to the inability to obtain a transcript of the evidence, the parties stipulated that Bhutto's testimony at the hearing and relevant for purposes of the appeal was:

1. The Claimant/Appellant was involved in a vehicular accident on October 3, 1994, while working for American Mobile Research.

2. As of October 3, 1994, the Claimant/Appellant was being paid $1,000.00 per month at his job at American Mobile Research.

3. As of the date of the accident, October 3, 1994, the Claimant/Appellant had been hired, but had not yet started work at a second job with M.J. Metal Products, Inc.

4. The Claimant/Appellant was advised by his doctor that he could work light duty, and he immediately returned to work at his original job with American Mobile Research.

5. Claimant/Appellant worked at his original employer, American Mobile Research, on light duty from the time of the accident on October 3, 1994 until October 25, 1994.

6. On approximately October 11, 1994, the Claimant/Appellant also began working at M.J. Metal Products, Inc. He worked at that job on light duty until October 25, 1994.

7. The entire workers' compensation file and Claimant's Exhibits 1 and 2 were received into evidence at the hearing.

After the accident, on October 5, 1994, Bhutto was examined by Dr. Michael J. Hauke, an emergency room physician in Casper, Wyoming. The diagnosis was that Bhutto was suffering from neck and low back strain and a right thigh contusion. Dr. Hauke's notes indicated that Bhutto was instructed to remain off work for two days until checked by the Wyoming Medical Center Outpatient Clinic in Casper. Dr. Hauke also referred Bhutto to physical therapy. On October 6, 1994, Dr. Joe K. Schoeber, a physician at the Wyoming Medical Center Outpatient Clinic, wrote Bhutto a prescription which read, "acute back & neck strain no work until released by physician." On October 17, 1994, Dr. Schoeber released Bhutto to perform light duty work.

Bhutto returned to work on October 6, 1994. His position with AMR was a seasonal one with only a limited number of working days. He worked October 3rd to the 7th, 10th, 12th, 16th and 18th. As noted in the stipulation of Bhutto's testimony, he began working with M.J. Metal Products, Inc. (MJ)

on October 11, 1994 as a full time employee. On October 14, 1994, Bhutto completed an application for temporary total disability which certified that he was totally disabled October 14, 1994 through November 15, 1994. The issue before the hearing examiner was whether Bhutto's temporary total disability should be based upon his earnings from AMR, MJ, or both. The Division calculated benefits based only on Bhutto's earnings from AMR.

### III. STANDARD OF REVIEW

"When we review an administrative order, we are not compelled to accept any of the conclusions reached by the district court." *Matter of Fisher,* 914 P.2d 1224, 1226 (Wyo.1996). "Instead, we review the case as if it had come directly to this Court from the agency." *Id.*

> Our task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. * * * We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. * * * Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions.

*Latimer v. Rissler & McMurry Co.,* 902 P.2d 706, 708–09 (Wyo.1995). We do not, however, defer to an agency's conclusions of law. "Instead, if the 'correct rule of law has not been invoked and correctly applied, * * * the agency's errors are to be corrected.'" *Thunder Basin Coal Co. v. Study,* 866 P.2d 1288, 1291 (Wyo.1994) (*quoting Devous v. Wyoming State Bd. of Medical Examiners,* 845 P.2d 408, 414 (Wyo.1993)).

### IV. DISCUSSION

The sole issue in this case involves a determination of the *date of injury* for purposes of computation of temporary total disability benefits under Wyo. Stat. § 27–14–403(c), which reads in pertinent part:

> For temporary total disability under paragraph (a)(i) of this section, the award shall be paid monthly at the rate of two-thirds (2/3) of the injured employee's actual monthly earnings at the time of injury but not to exceed the statewide average monthly wage for the twelve (12) month period immediately preceding the quarterly period in which the injury occurred as determined pursuant to W.S. 27–14–802.

Bhutto contends that the hearing examiner incorrectly used the date of the *accident* rather than the date of the *injury* in his determination. The terms are not synonymous and this court has recognized that concept. *Matter of Barnes,* 587 P.2d 214, 218–19 (Wyo.1978); *Big Horn Coal Co. v. Wartensleben,* 502 P.2d 187, 188 (Wyo.1972). The factual determination of the date of injury requires a finding of when the worker is aware (1) he has an injury and (2) that the injury was caused by the work accident or environment. *Claim of Nielsen,* 806 P.2d 297, 300 (Wyo.1991). The question then is whether there was substantial evidence in the record to support the hearing examiner's findings. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. *Matter of Farman,* 841 P.2d 99, 102 (Wyo.1992) (*quoting Baros v. State ex rel. Wyoming Workers' Compensation Div.,* 834 P.2d 1143, 1145 (Wyo.1992)).

The evidence showed that the accident occurred on October 3, 1994. Bhutto was examined by Dr. Hauke on October 5, 1994 who reported: "off work until rechecked at Outpatient Clinic Fri. 10/7/94." On October 6, 1994, at the outpatient clinic, Dr. Schoeber reported: "acute back & neck strain no work until released by physician." On October 17, 1994, "may continue light duty but no lifting over 20 lbs and no prolonged riding in vehicle; · he has a pinched nerve in his back." The report on October 27, 1994 indicated: "pt worked light duty 10/14/94 through 10/25/94. Now unable to work at all until released." Clearly, Bhutto had to be aware from this information that he had an injury and the first contested hearing in this case determined that the injury was caused by the work accident.

Bhutto points to several cases which are distinguishable. First, *Baldwin v. Scullion,* 50 Wyo. 508, 62 P.2d 531, 539 (1936) held:

> Under these circumstances, it seems to us palpably unjust to the employee to deny

him compensation because he has tried to keep his place on the employer's pay roll by doing his regular work and then has found that conditions produced at the time of the accident, and *which medical science could not recognize or whose final consequences it could not forecast,* have gradually and ultimately produced a compensable injury.

(Emphasis added.) With the doctors' reports of record, Bhutto knew what medical science recognized and perhaps what consequences might follow. Bhutto failed to heed those medical directives. Since this is not a case of denial of benefits for failure to follow the doctor's directions, this evidence is used only to determine that October 3, 1994 is the date of injury for purposes of computation of temporary total disability.

In *Matter of Barnes,* 587 P.2d at 219, this court held that a period of nine years after an accident, the employee was found to have a compensable injury. In that case, the employee suffered a back injury but was advised by his doctor that he could work as long as he could until there was sufficient deterioration of the back where surgery was appropriate.

In *Big Horn Coal Co.,* 502 P.2d at 188, the employee was found not to have known he had a compensable injury until several months after experiencing muscle spasms in his back. It was the deterioration and later x-rays together with a myelogram which showed a compensable injury. Also, in that case, the issue was whether the employee was ineligible for benefits because he failed to report the injury to his employer within twenty-four hours as required by the statute.

## V. CONCLUSION

Substantial evidence was presented to the hearing examiner to find that Bhutto's date of injury for computation of temporary total disability benefits was October 3, 1994.

Affirmed.