818 P.2d 1149 (1991)
The STATE of Wyoming, By and Through the DEPARTMENT OF FAMILY SERVICES, formerly known as the Division [Department] of Public Assistance and Social Services, Appellant (Defendant),
v.
Anthony JENNINGS, Appellee (Plaintiff).
No. 91-50.
Supreme Court of Wyoming.
October 21, 1991.
Joseph B. Meyer, Atty. Gen., Michael Lee Hubbard, Deputy Atty. Gen., and Richard E. Dixon, Asst. Atty. Gen., for appellee.
Randy L. Royal, Greybull, for appellee.
Before URBIGKIT, C.J., and THOMAS, CARDINE and MACY, JJ., and LEHMAN, District Judge.

OPINION
MACY, Justice.
Appellant State of Wyoming appeals from the district court's order granting attorney's fees to the attorney for Appellee Anthony Jennings pursuant to the provisions *1150 of Wyo. Stat. § 14-2-116 (1986)[1] for services rendered by him in Jennings' paternity suit.
We reverse.
The State raises the following issues:
I. Is the purpose of W.S. 14-2-116 to ensure representation of indigents in paternity actions or to provide attorneys with a means of collecting delinquent accounts?
II. Do the Appellee's application for payment of fees [and] the court's order upon said application conform to [the] requirements of W.S. 14-2-116?
Jennings paid an initial retainer of $800 to his attorney for representing him in an action to determine paternity and custody of a child. All parties subsequently reached a Stipulation and Agreement establishing Jennings as the natural father and giving him temporary custody of his son. Jennings' attorney unsuccessfully attempted to collect from Jennings the $1,938.50 in fees not covered by the initial $800 retainer.
After concluding that Jennings did not have the ability to pay, his attorney requested the district court to order payment of his fees pursuant to § 14-2-116. On December 13, 1990, the district court ordered the Big Horn County Department of Health and Social Services to pay $1,938.50 to Jennings' attorney. The State appeals from that order.[2]
Section 14-2-116(a) provided:
(a) At the pretrial hearing and in further proceedings any party may be represented by counsel. The court shall appoint counsel for a party who is financially unable to obtain counsel, the cost to be assumed by the department of health and social services.
When we are faced with a question of statutory interpretation, we must read unambiguous statutory language so that each word or phrase has meaning and so that no part is superfluous. Desotell v. State ex rel. Wyoming Worker's Compensation Division, 767 P.2d 998 (Wyo. 1989); Sanchez v. State, 751 P.2d 1300 (Wyo. 1988). Where a statute uses the mandatory language "shall," a court must obey the statute as a court has no right to make the law contrary to what is prescribed by the legislature. Thomson v. Wyoming In-Stream Flow Committee, 651 P.2d 778 (Wyo. 1982). Of even more importance in interpreting this particular statute is the fact that, at common law, a putative father could not bring an action for paternity. JHL v. BMG, 665 P.2d 491 (Wyo. 1983); A v. X, Y, and Z, 641 P.2d 1222 (Wyo.), cert. denied 459 U.S. 1021, 103 S.Ct. 388, 74 L.Ed.2d 518 (1982). When statutes are in derogation of the common law, they must be strictly construed and carefully adhered to. KAC v. SR, 771 P.2d 811 (Wyo. 1989); JHL, 665 P.2d 491; State v. Stovall, 648 P.2d 543 (Wyo. 1982).
Pursuant to § 14-2-116, a party had to be financially unable to obtain counsel before the department of health and social services would assume the cost of his representation. While the parties disagree as to whether Jennings was actually financially unable to obtain counsel or whether Jennings' counsel was merely unsuccessful in collecting his fees, that question does not need to be decided since the court did not appoint Jennings' counsel to represent him. Section 14-2-116 stated, "The court shall appoint counsel for a party who is financially unable to obtain counsel." (Emphasis added.) The appointment of counsel was a condition precedent to the department of health and social services' obligation to assume the cost of representation. In this instance, that condition did not occur.
In addition, Jennings' attorney made a private agreement with Jennings to accept $800 as a retainer. Only after later determining that Jennings lacked sufficient funds to pay the remaining balance did his *1151 attorney seek payment from the department of health and social services. If $800 were an insufficient retainer to ensure Jennings' payment, the risk of nonpayment should be borne by his attorney, not by the State of Wyoming. Wyoming's legislature offers a mechanism for the State to assume the cost of representation in certain situations; however, the legislature has not made the State a surety for the payment of attorney's fees.
Reversed.
CARDINE, Justice, specially concurring.
The underpinning for this decision is the court's finding that appellee's attorney was not appointed by the court to represent him. Our decision in this case is governed by W.S. 14-2-116(a). It provides that "[t]he court shall appoint counsel for a party who is financially unable to obtain counsel * * *." The statute is unclear as to when the appointment must be made for purposes of compensation. The court appointed counsel to represent Jennings in this case when it ordered payment of his attorney's fees. The difficulty with this case is that the appointment occurred after the proceeding requiring an attorney had been concluded. I would hold that for the right to compensation to accrue under W.S. 14-2-116, the appointment must be made before or during the proceeding, upon indigency being established, but not after the proceeding has ended.
NOTES
[1] Amended by 1991 Wyo. Sess. Laws ch. 161, § 3 effective April 1, 1991.
[2] In addition to its notice of appeal, the State filed a motion with the district court under W.R.C.P. 60(b) for relief from the order granting attorney's fees to Jennings' attorney. The district court denied that motion.