**THUNDER BASIN COAL COMPANY,**
**Petitioner,**

v.

**Shirley A. STUDY, Campbell County**
**Treasurer, Respondent.**

**No. 93–45.**

Supreme Court of Wyoming.

Jan. 7, 1994.

Alan B. Minier of Rothgerber, Appel, Powers & Johnson, Cheyenne, for petitioner.

Russell A. Hansen, Campbell County Pros. Atty., Gillette, for respondent.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Petitioner Thunder Basin Coal Company petitioned the district court for review of the refusal of Respondent Shirley A. Study, Campbell County Treasurer, to accept a certified check for deposit into an escrow account in an amount equal to all the disputed ad valorem taxes. The district court certified the matter to this Court pursuant to W.R.A.P. 12.09(b).

We are asked to answer the following question:

Can the county treasurer require the deposit of disputed interest and penalty, plus taxes in order to establish an interest bearing escrow account pursuant to W.S. § 39–4–101(d)?

We answer this question in the negative. We hold that the county treasurer may not require payment of interest and penalty and that she must accept payment of the disputed taxes for deposit into an escrow account.

The facts of this case are uncontroverted. Thunder Basin owns and operates two surface coal mines located in Campbell County, Wyoming, known as the Black Thunder Mine and the Coal Creek Mine. The tax auditors for the State of Wyoming audited the mines' records for the production years of 1978 through 1988. The original tax liability for the years in question had been properly paid.

After the audit was completed, the State Department of Revenue sent a letter to Thunder Basin, notifying it that the taxable value of the mines should be revised and increased for the years in question. The letter contained a revised severance tax assessment and indicated that the State Department of Revenue claimed no interest or penalties. Thunder Basin filed a timely appeal from this determination with the State Board of Equalization and deposited the amount of the disputed severance taxes into the state escrow account.

On October 7, 1992, the State Department of Revenue certified the increase in the tax-

able valuation of the mines to Campbell County, and the county treasurer sent tax notices to Thunder Basin. The tax notices requested payment of additional ad valorem taxes for the years in question. The notices also sought payment of interest, as calculated by the county treasurer, on the tax amounts.

After a series of discussions and correspondence between Thunder Basin and the Campbell County attorney regarding the interest claims, Thunder Basin tendered a certified check to the county treasurer for the amount of the disputed ad valorem taxes. The county treasurer refused to accept the check because the amount tendered did not include interest. Thunder Basin filed a petition with the district court for review of the county treasurer's decision. The district court certified the matter to this Court for resolution pursuant to W.R.A.P. 12.09(b).

When a case is certified to this Court pursuant to W.R.A.P. 12.09(b): "[W]e must review the decision 'under the appellate standards applicable to a reviewing court of the first instance.'" *Amax Coal Company v. Wyoming State Board of Equalization,* 819 P.2d 825, 828 (Wyo.1991) (quoting *Campbell County v. Wyoming Community College Commission,* 731 P.2d 1174, 1175 (Wyo. 1987)), *quoted in Texaco, Inc. v. State Board of Equalization,* 845 P.2d 398, 399 (Wyo. 1993). The scope of our review of administrative decisions is defined by Wyo.Stat. § 16-3-114(c) (1990).

The Legislature gave taxpayers the opportunity to have payments for disputed taxes deposited into an escrow account under Wyo. Stat. § 39-4-101(d) (Supp.1993):

> (d) If taxes are paid under protest due to an appeal pending before the state board of equalization, the county treasurer shall deposit the amount under appeal in an interest bearing escrow account and withhold distribution until a final decision on the appeal has been rendered. If the taxpayer prevails in the appeal, the county treasurer shall refund the amount under appeal, plus interest earned, to the taxpay-

er within thirty (30) days from the day the final decision is rendered.

Thunder Basin contends that, under the language of § 39-4-101(d), only the disputed tax amount must be tendered to the county treasurer. The county treasurer argues that the statutory provision requires the taxpayer to pay interest on the disputed tax amount as well as the principal of the taxes.

 In construing a statute, we must determine whether the statute is clear or ambiguous.

> A "statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistenc[y] and predictability." *Allied–Signal, [Inc. v. Wyoming State Board of Equalization,]* 813 P.2d [214,] 220 [ (Wyo.1991) ]. "[A] statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." *Id.* at 219–20. "[W]hether an ambiguity exists in a statute is a matter of law to be determined by the court." *Id.* [at 220.]

*Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1043 (Wyo.1993). If the language of a statute is clear and unambiguous, we apply the plain and ordinary meaning of the words and do not resort to rules of statutory construction. *Id.*

 We hold that the language of § 39-4-101(d) is clear and unambiguous. Reading the statutory provision as a whole, we conclude that the taxpayer is required to tender only the amount of the disputed taxes. In the context of § 39-4-101(d), the term "taxes" clearly means only the disputed tax amount without interest.[1] The language of § 39-4-101(d) also provides that the "county treasurer shall deposit the amount under appeal in an interest bearing escrow account." The "amount under appeal" refers only to the disputed taxes. The interest is not under appeal.

 Since the statutory provision contains the mandatory term "shall," the county treasurer must accept the payment of the taxes

---

1. The county treasurer cites a number of statutes wherein she contends that the word "taxes" actually means taxes and interest. We refuse to establish a per se definition of taxes. Our decision is limited to the statutory provision at issue in this case.

by Thunder Basin and deposit it into an escrow account. *State by and through Department of Family Services v. Jennings,* 818 P.2d 1149, 1150 (Wyo.1991). In reviewing administrative agency actions, this Court does not defer to the agency's conclusions of law. Instead, if the "correct rule of law has not been invoked and correctly applied, ... the agency's errors are to be corrected." *Devous v. Wyoming State Board of Medical Examiners,* 845 P.2d 408, 414 (Wyo.1993). The county treasurer's action in refusing to accept Thunder Basin's payment of disputed taxes was not in accordance with law. In order to correct the county treasurer's error, we hold that Thunder Basin is required to tender only the amount of the disputed taxes to the county treasurer and that the county treasurer must accept the payment.