In the Matter of the Worker's Compensation Claim of: Dale L. GNEITING, Appellant (Employee–Claimant),

and

SALT CREEK WELDING, INC., Appellant (Employer),

v.

STATE of Wyoming ex rel. WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Objector).

No. 94–190.

Supreme Court of Wyoming.

June 28, 1995.

with the district court, and that court certified the case to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b).

We affirm the hearing examiner's decision.

### *Issues*

Gneiting presents the following issues for our review:

1. Whether Dale Gneiting would have been entitled to worker['s] compensation benefits if his injuries had occurred in Wyoming.

2. Whether Chapter VIII, § 5 of the Wyoming Workers' Compensation Rules, Regulations and Fee Schedules applies to a claimant who is employed by a resident employer.

3. Whether the Division met its burden of proving that it determined Gneiting was "permanently assigned" outside the state within the meaning of Wyo.Stat. § 27–14–204(a) (1977 & 1993 Cum.Supp.).

4. Whether the record contains substantial evidence in support of the Hearing Examiner's finding that Gneiting was "permanently assigned" outside the state.

Salt Creek presents somewhat different issues on appeal:

Timothy W. Miller, Casper, for appellant Gneiting.

James Richard McCarty, Casper, for appellant Salt Creek Welding, Inc.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Gerald W. Laska, Sr. Asst. Atty. Gen., Jennifer Evans, Asst. Atty. Gen. and Drew A. Perkins, Sp. Asst. Atty. Gen. of Brown & Drew, Casper, for appellee.

Before THOMAS, MACY, TAYLOR and LEHMAN, JJ., and KENNETH E. STEBNER, District Judge.

MACY, Justice.

The hearing examiner denied Appellant Dale Gneiting's claim for worker's compensation benefits. Both Gneiting and Appellant Salt Creek Welding, Inc. filed petitions for review of the hearing examiner's decision

A. Whether the decisions set forth in the Order Denying Benefits are arbitrary, capricious, characterized by an abuse of discretion and are not otherwise in accordance with the law or are contrary to constitutional right, power, privilege or immunity.

B. Whether the decisions set forth in the Order Denying Benefits were issued without observance of the procedures required by law.

C. Whether the decisions set forth in the Order Denying Benefits are unsupported by substantial evidence.

D. Whether the decisions set forth in the Order Denying Benefits should be set aside upon the ground that the parties had insufficient notice of the issues and contentions upon which the decisions were based.

## Facts

Salt Creek was a Wyoming corporation which had its only permanent office located in Evansville, Wyoming. On or about December 20, 1993, Salt Creek hired Gneiting to perform welding work on a project it was working on in Blackfoot, Idaho (the Idaho project). The actual hiring took place at the Idaho project location. Salt Creek's foreman directed Gneiting to list a Mills, Wyoming, post office box on his federal income tax withholding form (Form W–4) as being his permanent address. Even though Gneiting maintained a home and resided in Idaho, he complied with the foreman's direction. He listed the same Mills address on his Department of Justice Employment Eligibility Verification form.

Gneiting was seriously injured in an accident on February 3, 1994, while he was working on the Idaho project. Appellee Wyoming Workers' Compensation Division denied Gneiting's application for Wyoming worker's compensation benefits. The appellants both objected to the Workers' Compensation Division's determination. After holding a hearing, the hearing examiner entered his order in which he made findings of fact and conclusions of law and ultimately denied Gneiting's application for benefits.

The appellants filed separate petitions for review of the hearing examiner's decision with the district court. The district court certified the case to the Wyoming Supreme Court pursuant to W.R.A.P. 12.09(b).

## Standard of Review

 When we are reviewing cases which have been certified to us pursuant to W.R.A.P. 12.09(b), we apply the appellate standards which are applicable to the reviewing court of the first instance. *Hepp v. State ex rel. Wyoming Workers' Compensation Division*, 881 P.2d 1076, 1077 (Wyo.1994).

 We review an administrative agency's findings of fact under the substantial evidence standard:

"Our task is to examine the entire record to determine if substantial evidence exists to support the hearing examiner's findings. We will not substi-

tute our judgment for that of the hearing examiner if his decision is supported by substantial evidence. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions."

*Romero v. Davy McKee Corporation*, 854 P.2d 59, 61 (Wyo.1993) (citing *Farman v. State ex rel. Wyoming Workers' Compensation Division*, 841 P.2d 99, 102 (Wyo. 1992)).

*Bearden v. State ex rel. Wyoming Workers' Compensation Division*, 868 P.2d 268, 269 (Wyo.1994). When we review an agency's conclusions of law, we correct its errors "if the 'correct rule of law has not been invoked and correctly applied.'" *Thunder Basin Coal Company v. Study*, 866 P.2d 1288, 1291 (Wyo.1994) (quoting *Devous v. Wyoming State Board of Medical Examiners*, 845 P.2d 408, 414 (Wyo.1993)).

## Sufficiency of the Evidence

 The appellants both assert that the hearing examiner erred by denying Gneiting's claim for benefits. The hearing examiner relied upon WYO.STAT. § 27–14–204(a) (Supp.1994) in making his decision:

(a) If an employee while working outside of the territorial limits of this state and within the territorial limits of any other state or United States possession, or in Canada or Mexico if employed by a qualified resident or nonresident employer operating in interstate or international commerce in Canada and Mexico, suffers an injury on account of which the employee or in the event of death, the employee's dependents, would have been entitled to the benefits provided by this act had the injury occurred within this state, the employee or his dependents are entitled to the benefits provided by this act if the injury occurs in a state, United States possession, Canada or Mexico and the employee or his dependents are not entitled to benefits in the state or United States possession where the injury occurred or in Canada or in Mexico, and if at the time of the injury, the employee is under a contract of hire, oral or written, with a qualified resident or nonresident employer.

This section shall not entitle any employee to benefits under this act if the division determines the employee is permanently assigned or transferred outside the state.

In *Wessel v. Mapco, Inc.*, 752 P.2d 1363 (Wyo.1988), we construed an earlier version of this statute and stated: "[O]ur cases have long held that Wyoming Worker's Compensation statutes should be applicable extraterritorially for injuries to a Wyoming worker occurring outside this state." 752 P.2d at 1369. The Workers' Compensation Division found that Gneiting was not a Wyoming resident and that he was not permanently assigned to Wyoming. The hearing examiner concluded: "Determining whether [Gneiting] was a Wyoming resident would be a natural first step in determining whether or not [Gneiting] was permanently assigned or transferred outside of Wyoming."

Some controversy existed at the contested case hearing as to whether it was the employee or the Workers' Compensation Division which bore the burden of proving where Gneiting was permanently assigned. The hearing examiner concluded that he did not need to decide that question because, "[r]egardless of which party had the burden of proof, the evidence was very clear and convincing [Gneiting] was permanently assigned outside of Wyoming." He found: "Even assuming the Division had the burden of proof, the burden [had] been met."

The legal question of which party bore the burden of proof on the permanent assignment issue is not specifically presented to us on appeal. We will, therefore, adopt the same reasoning as was adopted by the hearing examiner and assume, without deciding, that the Workers' Compensation Division had the burden of proof. Even with that assumption in place, substantial evidence was presented at the hearing to support the hearing examiner's conclusion that Gneiting was permanently assigned outside the state of Wyoming:

- Gneiting resided in Idaho;
- Gneiting had never resided in Wyoming;
- Gneiting maintained a home in Idaho;
- Gneiting's children resided with him and attended school in Idaho;
- Gneiting obtained his driver's license, vehicle registration, and social security number in Idaho;
- Salt Creek hired Gneiting in Idaho;
- Gneiting performed all his work for Salt Creek in Idaho; and
- Gneiting was injured in Idaho while he was working for Salt Creek.

Under the provisions of § 27–14–204(a), Gneiting was not entitled to be awarded Wyoming worker's compensation benefits.[1] Since this ruling is dispositive, we do not need to address the issue of whether sufficient evidence supported the hearing examiner's conclusion that Gneiting would not have been entitled to receive benefits even if his accident had occurred in Wyoming or Gneiting's concern with regard to whether the hearing examiner's finding that the appellants had attempted to mislead the Workers' Compensation Division as to his permanent address was appropriate.

### *Notice*

■ Salt Creek contends that we should set aside the order which denied Gneiting's application for benefits because the appellants did not receive sufficient notice of the issues upon which the hearing examiner based his decision.

■ Under the principles of due process of law, Gneiting was entitled to have notice and an opportunity to be heard at the contested case hearing. *Devous*, 845 P.2d at 416. The record, however, does not support Salt Creek's contention that the appellants did not have notice that the Workers' Compensation Division would rely upon § 27–14–204(a) in arguing that Gneiting was not entitled to be awarded worker's compensation benefits.

The order which set the hearing before the hearing examiner provided: "The issues to

---

**1.** Considering the wealth of evidence which supported the hearing examiner's conclusion that Gneiting was permanently assigned outside the state of Wyoming, we perceive no need to determine whether the presumptions contained in Chapter VIII, Section 4 of the Wyoming Workers' Compensation Rules, Regulations and Fee Schedules apply in this case.

be heard and the matter asserted are contained in the objections and reasons [therefor] filed with the Office of the Clerk." In its final determinations, the Workers' Compensation Division stated that Gneiting was not entitled to be awarded worker's compensation benefits because he was not a Wyoming resident and because he was not permanently assigned to Wyoming pursuant to WYO.STAT. § 27–14–306(a) (1991). Even though the Workers' Compensation Division did not specifically cite § 27–14–204(a), the language of the determinations was sufficiently similar to the statutory language of § 27–14–204(a) to put Gneiting on notice that the provision would be at issue at the hearing.

The parties' actions at the hearing also indicated that they had notice that Gneiting's right to extraterritorial benefits pursuant to § 27–14–204(a) would be at issue. In their opening statements, counsel for both of the appellants focused on whether Gneiting was a Wyoming employee and on whether he was entitled to receive extraterritorial benefits. Also, when the hearing examiner asked the Workers' Compensation Division which statutes it would be relying upon and the division included § 27–14–204(a) in its recitation, neither Gneiting nor Salt Creek made any objection which would have indicated that either of them did not know that § 27–14–204(a) would be at issue at the hearing.

### Estoppel

Salt Creek claims that the Workers' Compensation Division should be estopped from denying benefits to Gneiting under the rationale of *Wessel* because the division accepted the premiums which Salt Creek paid on behalf of Gneiting.

In *Wessel,* this Court stated: "[A]n estoppel [was] created when this employer paid and the state fund accepted the premiums for the employment as intended to include as covered duties the job duties in an adjacent state." 752 P.2d at 1373. The facts in this case do not support a conclusion that the Workers' Compensation Division should be estopped from denying coverage to Gneiting. The Workers' Compensation Division did not knowingly accept premiums to cover Gneiting, who was an Idaho resident, while he was

performing work in Idaho. The Workers' Compensation Division had no idea that Gneiting resided in Idaho. The doctrine of estoppel did not prevent the Workers' Compensation Division from denying Gneiting's application for Wyoming worker's compensation benefits.

### Conclusion

The hearing examiner's decision to deny Gneiting's claim for worker's compensation benefits is

Affirmed.