**Dennis JESSEN, Petitioner,**

v.

**Randy BURRY and Devota Burry, d/b/a Diamond B Oilfield Service, d/b/a Diamond B. Casing, Respondents.**

No. 99–259.

Supreme Court of Wyoming.

Dec. 8, 2000.

Representing Petitioner: Dennis Jessen, Pro Se.

Representing Respondents: Raymond D. Macchia of Patton & Davison, Cheyenne, WY.

Before LEHMAN, C.J., and THOMAS, MACY,* GOLDEN, and HILL, JJ.

THOMAS, Justice.

The conundrum presented by this case is how best to resolve an apparent conflict between the dollar amount limit on the jurisdiction of the county court [1] and the requirement in the forcible entry and detainer statutes [2] that a judgment be entered for the amount of rent due. The conflict is presented when the amount of rent claimed in the forcible entry and detainer action exceeds the dollar amount limit on the jurisdiction of the county court. Dennis Jessen (Jessen) filed an action for forcible entry and detainer in the county court, and the county court dismissed the case without prejudice because the Complaint for Forcible Entry and Detainer sought "an amount in excess of the monetary jurisdiction ($7,000.00) of this court." The Order Dismissing Case was entered in response to a Motion to Dismiss Plaintiff's Forcible Entry and Detainer Action, filed on behalf of Randy Burry and DeVota Burry (the Burrys). Jessen appealed the dismissal to the district court, and the district court entered an Or-der Affirming Dismissal for Failure to Meet the Jurisdictional Amount in the County Court. This Court then granted the Plaintiff's Petition for Writ of Certiorari. We reverse the Order Affirming Dismissal for Failure to Meet the Jurisdictional Amount in the County Court entered in the district court, and the Order Dismissing Case entered in the county court, and remand the case for further proceedings consistent with this opinion.

The Appellant's Brief in Writ of Certiorari From the District Court's August 16, 1999, Order Affirming Dismissal for Failure to Meet the Jurisdictional Amount of County Court filed by Jessen offers this statement of the issues:

1. Was the amount sought in the complaint for Forcible entry & detainer action beyond the monetary jurisdiction of the court?

2. Was the court required to find amount of rent due, issue judgement [sic] for said amount and return possession of the property to Plaintiff?

The Respondent's Brief, filed on behalf of the Burrys, states the issue as:

Whether the district court's decision affirming the county court's ruling dismissing the forcible entry and detainer action for lack of jurisdiction was proper under Wyoming law.

Jessen commenced this action on May 27, 1999 when he filed a Complaint for Forcible Entry and Detainer in the County Court of

* Retired June 2, 2000.

1. Pursuant to Wyo.Stat.Ann. §§ 5–9–101 through 5–9–210 (Lexis Supp.2000), effective July 1, 2000, the county courts became circuit courts.

2. In the forcible entry and detainer statutes, Wyo.Stat.Ann. § 1–21–1008 (Lexis 1999) provides for a judgment based on the finding of the amount of rent due and payable:

(a) If the action is not continued, the place of trial changed or if neither party demands a jury, upon the return day of the summons the justice shall try the action. If the justice concludes that the complaint is not true, he shall enter judgment against the plaintiff for costs. If he finds the complaint true, he shall render a general judgment in favor of the plaintiff for restitution of the premises and costs. If he finds the complaint true in part, he shall render judgment for restitu-tion of that part only and the costs shall be taxed as deemed equitable.

(b) If the case is one based on failure to pay rent, *the justice shall further find the amount of rent due and payable at the time of commencement of the action*, together with the terms and conditions of the agreement between the parties in relation to the amount and time of payment of rent. If the trial is by jury the verdict shall contain a finding of these facts and the justice shall recite such findings in his docket entry of proceedings. *The justice, upon these findings, in addition to entering judgment for the plaintiff to have restitution, shall render judgment in accordance with the findings for the amount of rent found due*, together with costs, and shall issue execution separate from the writ of restitution for the rent found due and costs as in other actions.

(Emphasis added.)

Laramie County. Jessen sought relief in the form of a writ of restitution restoring the leased premises to him and judgment in the amount of $21,061.26 plus court costs of $50.00. The Burrys filed a Motion to Dismiss Plaintiff's Forcible Entry and Detainer Action asserting among other grounds that the action was outside the subject matter jurisdiction of the county court because of the prayer for recovery in an amount exceeding $7,000.00. The Burrys relied upon the jurisdictional limits articulated in Wyo.Stat. Ann. § 5–5–131(a) (Lexis 1999),[3] and the county court entered its Order Dismissing Case without prejudice because an amount in excess of the court's monetary jurisdictional limit of $7,000.00 was sought. Jessen appealed the Order Dismissing Case to the district court, and that court affirmed the county court. Jessen then petitioned this Court seeking a writ of certiorari, and the petition was granted on October 7, 1999.

■ Jessen's argument is premised upon his contention that the dismissal in the county court was improper because pursuant to Wyo.Stat.Ann. § 5–5–131(a)(v), the county court is vested with exclusive original civil jurisdiction over "[a]ctions for forcible entry or detainer as provided by W.S. 1–21–1001 through 1–21–1016 * * *." The Burrys respond by reiterating their contention that because the monetary jurisdiction of the county court is limited to actions for amounts not exceeding $7,000.00 pursuant to Wyo. Stat.Ann. § 5–5–131(a)(i), the action properly

was dismissed as exceeding the subject matter jurisdiction of the county court. The Burrys assert that jurisdiction is properly found in the district court because, pursuant to Wyo. Const. art. 5, § 10, the district courts have original jurisdiction when no other court has exclusive jurisdiction.

■ The controversy arises because of conflicting interpretations of Wyo.Stat.Ann. § 5–5–131(a). When statutes appear to conflict, our charge is to attempt to harmonize them so as to give full effect to each. *Cooper v. Town of Pinedale*, 1 P.3d 1197, 1200 (Wyo. 2000). We also endeavor to read statutes so that each word is afforded meaning and none is rendered superfluous. *Basin Elec. Power Co-op. v. Bowen*, 979 P.2d 503, 509 (Wyo. 1999).

We perceive two solutions to this conundrum. One is suggested by the earlier case of *Hurst v. Davis*, 386 P.2d 943 (Wyo.1963). In the Hurst case, this Court ruled that a justice of the peace court in an action for forcible entry and detainer could not enter judgment for an amount in excess of the constitutional monetary limit on its jurisdiction of $200.00. *Id.* at 950. In a separate action brought by the lessees against the lessor in district court, the lessor counterclaimed for rent in the amount of $600.00. *Id.* at 945. On appeal, the lessee contended that the district court could not award a judgment for rent because the lessor had split the cause of action by bringing the

---

**3.** Wyo.Stat.Ann. § 5–5–131(a) reads:

(a) Each county court has exclusive original civil jurisdiction within the boundaries of the state for:

(i) An action where the prayer for recovery is an amount not exceeding seven thousand dollars ($7,000.00), exclusive of court costs;

(ii) Actions to recover specific personal property the value of which does not exceed seven thousand dollars ($7,000.00), exclusive of court costs and shall be prosecuted in accordance with W.S. 1–15–301 through 1–15–306;

(iii) Actions to foreclose or enforce a lien on or security interest in personal property perfected under the Uniform Commercial Code, W.S. 34.1–1–101 through 34.1–10–104, when the amount claimed on the lien or security interest does not exceed seven thousand dollars ($7,000.00), exclusive of court costs;

(iv) Actions for small claims as provided by W.S. 1–21–201 through 1–21–205;

(v) Actions for forcible entry or detainer as provided by W.S. 1–21–1001 through 1–21–1016;

(vi) Actions to foreclose and enforce the following statutory liens only, when the amount claimed on the lien does not exceed seven thousand dollars ($7,000.00) exclusive of court costs:

(A) Construction liens as provided by W.S. 29–2–101 through 29–2–109;

(B) Liens for labor and materials as provided by W.S. 29–4–101 through 29–4–102;

(C) Liens for labor and services as provided by W.S. 29–5–101 through 29–5–106 and 29–7–101 through 29–7–202; and

(D) Liens for taxes as provided by W.S. 39–15–108(d) and 39–16–108(d).

(vii) Actions to dispose of an abandoned vehicle as provided by W.S. 31–13–112(e), regardless of the value of the abandoned vehicle.

forcible entry and detainer action in the justice of the peace court. Id. at 947–48. The opinion explained:

> The principal object of the statute under which this detainer action was brought was to give summary remedy against tenants who hold over after failure to pay rent and to save landlords from the need to resort to cumbersome, dilatory, and expensive suit in ejectment.

Id. at 949. The court then ruled that while an entry of judgment in the justice of the peace court in excess of $200.00 would clearly exceed the constitutional limit upon the monetary jurisdiction of the justice of the peace court, a finding of the correct amount of rent due would not violate the constitutional jurisdictional limit. Id. at 950. The court also ruled that the defense asserted that the lessor had split the cause of action was not available under the circumstances of that case. Id. at 949.

Obviously, the Hurst case offers a solution to this problem that indeed would be appropriate. We could hold that the county court had jurisdiction under the statute; that it could not enter a judgment in excess of the amount of $7,000.00; but that it could clearly "find the amount of rent due and payable at the time of commencement of the action, together with the terms and conditions of the agreement between the parties in relation to the amount and time of payment of rent." Wyo.Stat.Ann. § 1–21–1008(b). Jessen then could file an action in the district court for the purpose of collecting the balance of the rent due, and he would not be foreclosed by the prior judgment from the county court.

The alternative solution would permit the county court to enter judgment for the full amount of the rent claimed and found to be due. The Laramie County Court read Wyo. Stat.Ann. § 5–5–131(a)(i) to the end that its jurisdiction in any action in which monetary relief was sought was limited to the sum of $7,000.00. It then ruled that it was without subject matter jurisdiction over a claim for monetary relief that exceeded $7,000.00. This was the reading of the statute that the district court followed.

■ An examination of Wyo.Stat.Ann. § 5–5–131(a) reveals that, in each of the subparagraphs describing the civil jurisdiction of the county court, the legislature reiterated the amount of $7,000.00 except in subparagraphs (iv) (relating to actions for small claims), and (v) (relating to actions for forcible entry or detainer as provided by Wyo. Stat.Ann. §§ 1–21–1001 through 1–21–1016). That difference manifests an intention on the part of the legislature to resolve the problem first addressed in Hurst. It is obvious that if the $7,000.00 monetary limit provided in Wyo.Stat.Ann. § 5–5–131(a)(i) applied to all of the following provisions, the repetition in other subparagraphs would be superfluous. We read our statutes to the end that no language is rendered superfluous. Basin Elec. Power Co-op., 979 P.2d at 509. Since the monetary jurisdiction of the county court now is prescribed by statute rather than by a constitutional provision, we are not inhibited in the same fashion as the Hurst court was. We therefore hold that the $7,000.00 monetary jurisdictional limit that is set forth with respect to county courts applies only in those subparagraphs articulating jurisdiction in which the legislature specifically reiterated the amount.

This resolution is compatible with efficiency and the conservation of judicial resources in accomplishing the purpose of this statute as articulated in Hurst. A requirement for a subsequent action in the district court in which the functions would be as much ministerial as adjudicative lends itself only to inefficient and duplicative utilization of judicial resources.

We reverse the Order Affirming Dismissal for Failure to Meet the Jurisdictional Amount in the County Court, entered in the district court, and remand this case with instructions for the district court to reverse the Order Dismissing Case entered in the county court and order remand of the case to the county court for further proceedings consistent with this opinion.